UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCUS D. McANALLY, JR., Individually, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLARK COUNTY, a Nevada political ) <br> subdivision; DOES 1-10, inclusive; ROE ) <br> CORPORATIONS 1-10, inclusive, ) <br> ) <br> Defendants. ) <br> _____ ) | 02-04-CV-01220-LRH-LRL <br><br> ORDER |

Presently before the Court is Clark County's Motion for Attorney's Fees (Docket No. 9). Marcus D. McAnally, Jr., has filed an opposition. No reply was filed.

This was a civil rights action brought by a former employee of Clark County. However, upon motion, the action was dismissed on August 4, 2005, for failure to state a claim upon which relief can be granted. Clark County is currently seeking attorney's fees pursuant to 42 U.S.C. § 1988. In its motion, Clark County argues that Plaintiff's complaint was brought without legal foundation. In opposition, Plaintiff asserts that his legal theory of malicious prosecution was supported by state and federal law.

42 U.S.C. § 1988 authorizes the court, in its discretion, to award a reasonable attorney's fee to the prevailing party of a section 1983 lawsuit. However, the court may only award such fees if the court finds "'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though

not brought in subjective bad faith.'" *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)). "In applying these criteria, it is important that the district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co.*, 434 U.S. at 421. When a complaint raises federal and pendent state law claims that are "factually or legally related, they should be treated as one action for purposes of § 1988 fee awards." *Munson v. Milwaukee Bd. of Sch. Directors*, 969 F.2d 266, 272 (7th Cir. 1992).

Upon review of the parties' points and authorities, relevant case law, and the record as a whole, the court finds that a fee award pursuant to 42 U.S.C. § 1988(b) is appropriate in this case. The court dismissed all of Plaintiff's claims, with the exception of his state law claim for malicious prosecution,[1] on the basis of res judicata. In making that determination, the court found that the allegations in Plaintiff's complaint arose out of the same transactional nucleus of facts as a previous civil suit brought by Plaintiff and that those claims could have conveniently been tried together. Because all material allegations raised in Plaintiff's complaint were raised in his previous action, the court finds that Plaintiff's action was unreasonable and lacked legal foundation.

IT IS THEREFORE ORDERED that Clark County's Motion for Attorney's Fees (Docket No. 9) is hereby GRANTED in the amount of $ 3,112.50.

IT IS SO ORDERED.

DATED this 24th day of January, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] The claim for malicious prosecution was dismissed based upon state discretionary immunity, Nev. Rev. Stat. § 41.032.

2